*Formatted for Electronic Distribution*                                            *Not For Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    Barry Alton Parker,                                    Chapter 13 Case
            Debtor.                                          # 09-10186
_____

Barry Alton Parker,
            Plaintiff,
    v.                                                       Adversary Proceeding
U.S. Bank National Association, as Trustee              # 09-1022
on behalf of the Holder of the Adjustable
Rate Mortgage Trust 2007-1, et al.,
            Defendants.
_____

Filed & Entered
On Docket
September 29, 2010

Appearances:   Rebecca A. Rice, Esq.    Douglas J. Wolinsky, Esq.
                  Rutland, VT            Kevin Michael Henry, Esq.
                  For Barry Alton Parker    Primmer Piper Eggleston & Cramer PC
                                                   Burlington, VT
                                                   For U.S. Bank National Association

**MEMORANDUM OF DECISION**
GRANTING IN PART & DENYING IN PART SUMMARY JUDGMENT TO U.S. BANK NATIONAL ASSOCIATION
AND SCHEDULING FINAL PRE-TRIAL CONFERENCE

       Barry Alton Parker (the "Debtor") filed a complaint (doc. # 1) to initiate this adversary proceeding on May 18, 2009. On August 27, 2009, U.S. Bank National Association (the "Bank") filed its answer (doc. # 3). The Bank filed the instant motion for summary judgment on June 14, 2010 (doc. # 22), seeking dismissal of the Debtor's claims that the Bank lacks standing to enforce the mortgage note against the Debtor, and that the Bank is liable to the Debtor for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") (doc. # 22, p. 1). For the reasons set forth below, the Court grants the Bank's motion for summary judgment on the TILA and RESPA claim and denies the Bank's motion on the standing claim, and schedules the final pre-trial conference in the instant adversary proceeding.

JURISDICTION AND RELEVANT LAW

       This Court has jurisdiction over this adversary proceeding and the Bank's motion for summary judgment under 28 U.S.C. §§ 1334 and 157(b)(2)(B).

1

**UNDISPUTED FACTS**

Based upon the record in this case, and drawing primarily from the complaint, answer and summary judgment papers, the Court finds the following facts to be undisputed:

1. On November 10, 2006, the Debtor executed and delivered to Credit Suisse Financial Corporation ("Credit Suisse") two promissory notes; the note at issue was made in the original amount of $231,200 (doc. # 22-1, ¶ 1, doc. # 30).

2. As security for the note, the Debtor also executed a mortgage deed in favor of Mortgage Electronic Registration System, Inc. as nominee for Credit Suisse (doc. # 22-1, ¶ 2, doc. # 30).

3. A second mortgage was given to Credit Suisse in the amount of $52,020.00 contemporaneously with the first mortgage at issue (doc. # 1, ¶ 14; doc. # 3, ¶ 14).

4. Prior to the loan closing, on October 25, 2006, a letter from Credit Suisse was mailed to the Debtor at his home address in Manchester Center, Vermont; the letter enclosed various loan documents, including a Good Faith Estimate of Settlement Charges (doc. # 22-1, ¶ 3; doc. # 30).

5. Ten days after the loan closing, on November 20, 2006, the Debtor received a letter from the closing agent enclosing two revised HUD Settlement Statements in connection with the closing on the two loans; the letter explained that "[a]fter closing, we had to adjust the amount of line 303 for the first mortgage so as not to reflect a net amount to you in excess of $2,000" (doc. # 22-1, ¶ 4; doc. # 30).

6. The Debtor reviewed the revised statements, signed both, and returned them to the closing agent (doc. # 22-1, ¶ 5; doc. # 30).

7. The note was subsequently endorsed in blank by Patrick Brown, Post Closing-Manager for Lydian Data Services, as Attorney-in-Fact for Credit Suisse (doc. # 22-1, ¶ 6; doc. # 30).

8. After it was endorsed, the note was transferred to the Bank, and the Bank is in possession of the original note (doc. # 22-1, ¶ 7; doc. # 30).

9. On December 11, 2008, the mortgage was assigned to the Bank (doc. # 22-1, ¶ 8; doc. # 30).

10. On December 19, 2008, the Bank filed a foreclosure complaint against the Debtor in Vermont state court (doc. # 1, ¶ 20; doc. # 3, ¶ 20).

11. On February 25, 2009, the Debtor filed his bankruptcy petition (doc. # 22-1, ¶ 9; doc. # 30).

12. At the time the Debtor filed his petition, no judgment had been entered in the state court action (doc. # 1, ¶ 21; doc. # 3, ¶ 21).

13. The trust is governed by a Pooling and Servicing Agreement ("PSA") (doc. # 1, ¶ 22; doc. # 3, ¶ 22).

14. On April 13, 2009, the Bank filed its proof of claim on the note (Doc. # 22-1, ¶ 10, doc. # 30).

15. The note attached to the proof of claim was endorsed by an allonge in blank, even though there was room on the original note to endorse the note, and no original note has been produced (doc. # 1, ¶ 24; doc. # 3, ¶ 24).

16. The allonge was signed by Patrick Brown, post-closing manager for Lydian Data Services, as attorney in fact for Credit Suisse, although no power of attorney is attached to the proof of claim (doc. # 1, ¶ 25; doc. # 3, ¶ 25)

17. The Bank did not file an assignment with its proof of claim (doc. # 1, ¶ 19; doc. # 3, ¶ 19).

18. On May 28, 2009, the Debtor filed his complaint in this adversary proceeding (doc. # 22-1, ¶ 11; doc. # 30).

The Court has intentionally excluded certain information presented in two filings in reaching its determination of undisputed facts. First, the Debtor filed a statement of undisputed material facts (doc. # 30) in which he states that he disputes ¶¶ 6–8 of the Bank's statement of undisputed material facts. However, since the Debtor merely declares that position and fails to rebut those facts with a "concise statement of disputed material facts . . . that are responsive to the movant's statement" as required by the local rules, the Debtor is deemed to have admitted ¶¶ 6–8 of the Bank's statement of undisputed material facts. See Vt. LBR 7056-1(a). Second, the Bank filed a supplemental statement of undisputed material facts on July 26, 2010 (doc. # 34). However, since the local rules do not authorize the filing of a supplemental statement, the Bank did not seek or obtain leave to file a supplemental statement, and the Debtor has neither consented nor responded to this supplement, the Court will not consider the Bank's supplemental statement of undisputed material facts. See Vt. LBR 7056-1(a).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Fed. R. Bankr. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v.

Consolidated Rail Corp., 902 F.2d 174, 177–78 (2d Cir. 1990).  If the opposing party does not come forward with specific facts to establish an essential element of that party's claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment.  See Celotex, 477 U.S. at 323–25 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case"); see also State v. G.S. Blodgett Co., 163 Vt. 175, 180, 656 A.2d 984, 988 (Vt. 1995).

## DISCUSSION

This motion for summary judgment focuses on two distinct issues: whether the Bank lacks standing to enforce the mortgage note against the Debtor, and whether the Bank is liable to the Debtor for violations of TILA and RESPA.

### IS SUMMARY JUDGMENT PROPER ON THE ISSUE OF THE BANK'S ALLEGED LACK OF STANDING?

In his complaint, the Debtor objects to the Bank's proof of claim "on the basis of standing" (doc. # 1, ¶ 27).  The Bank argues that the Debtor's claim that the Bank does not have standing to enforce the note and mortgage at issue fails as a matter of law because the Bank is the holder of the note and assignee of the mortgage (doc. # 22, pp. 1, 3–4).

Bankruptcy law does not generally provide for the enforcement of promissory notes.  As a result, the legal obligations of the parties are determined by applicable non-bankruptcy law, which is usually state law.  See Butner v. United States, 440 U.S. 48, 54–55 (1979).  There is no unified federal law governing promissory notes; however, each state has adopted a version of the Uniform Commercial Code ("UCC") concerning negotiable instruments, which applies to promissory notes.  The Vermont statutes incorporating the UCC, specifically Article 3 dealing with negotiable instruments, 9A V.S.A.§ 3-101 et seq., describe a "[p]erson entitled to enforce" an instrument as "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3-309 or 3-418(d)."  9A V.S.A. § 3-301.  The general definitions section of Vermont's UCC statute defines a "holder," inter alia, as "(A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  9A V.S.A. § 1-201(21)(A).

It is undisputed that the Bank is in possession of the original note (see Undisputed Facts ¶ 8, supra).  The gravamen of the Debtor's argument is that the Bank has not established that the transfers of the note satisfy the transfer requirements in the PSA that governs the relationship between the parties to the trust for which the Bank is serving as Trustee (doc. # 29, p. 1).  Although it is undisputed that the trust is governed by a PSA (see Undisputed Facts ¶ 13, supra), there is a dispute as to whether it is the PSA dated

4

February 1, 2007 (doc. # 1, ¶ 22), which the Debtor attached to his objection to the motion for summary judgment (doc. # 29-1), or the PSA dated January 1, 2007 (doc. # 3, ¶ 22), which the Bank asserts is applicable and is not yet part of the record in this adversary proceeding.  There is a genuine dispute of material fact regarding whether there is another PSA that may govern the subject trust, and there is an insufficient record concerning the transfer requirements of the controlling PSA (see doc. # 3, ¶ 22), for the Court to make a determination at this time.

Consequently, summary judgment is not proper on this issue and Court must deny the Bank's motion with respect to the Debtor's claim that the Bank lacks standing to enforce the mortgage note.

IS SUMMARY JUDGMENT PROPER ON THE ISSUE OF ALLEGED VIOLATIONS OF TILA AND RESPA?

The Bank argues that the Debtor's TILA and RESPA claims likewise fail as a matter of law because the Debtor has presented neither evidence nor allegations identifying which provisions of TILA or RESPA the Debtor claims that the Bank violated, and has presented neither evidence nor allegations identifying which defendants are liable (doc. # 22, pp. 1–2).  See Celotex 477 U.S. at 325.

Federal Rule of Civil Procedure 8(a)(2), as made applicable by Federal Rule of Bankruptcy Procedure 7008(a), provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must comply with the procedural and substantive rules, and to survive a motion for summary judgment, a complaint must plead enough facts to state a claim for relief that is plausible on its face.  See O'Neill v. Hernandez, 2010 U.S. Dist. LEXIS 33262, *13, 2010 WL 1257512, *5 (S.D.N.Y. Mar. 25, 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)).

The Debtor alleges in this complaint only that "[p]rior to closing, [the] Debtor did not receive a good faith estimate of the costs of the loans as required by TILA and RESPA" (doc. # 1, ¶ 15), that "[a]fter closing, the closing statements were changed without consultation with [the] Debtor" (doc. # 1, ¶ 16), and that "[t]he failure to provide [the] Debtor with a good faith estimate three days prior to closing and the changing of the HUD-1 post closings are violations of TILA and RESPA" (doc. # 1, ¶ 30).  Additionally, the Debtor's opposition papers fail to respond in any way to the Bank's substantive arguments refuting the TILA and RESPA claims.  As a result of the Debtor's very general allegations in the complaint, and his failure to respond to the substantive arguments of the summary judgment motion on this issue, the Debtor has waived his right to be heard in response to the Bank's arguments and has waived the opportunity to supplement his claims on the TILA and RESPA issues asserted in the complaint.  See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ( "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal"); Am. Tissue, Inc. v. DLJ Merchant Bank-

5

ing Partners, II, L.P., 2006 U.S. Dist. LEXIS 22391, *20, 2006 WL 1084392, * 6 (S.D.N.Y. Apr. 20, 2006) (applying Norton to district courts); Fidelity Mortg. Group v. Mulvey, 2003 WL 25745703, *1 (Vt. 2003) ("Briefs that do not set forth clear and cogent arguments are inadequate to aid our review, and we do not entertain arguments that are not adequately briefed").

The Bank is thus entitled to judgment as a matter of law because there is neither any evidence in the record, nor any allegation by the Debtor, that the Bank has violated any specific provision of either TILA or RESPA. Accordingly, the Bank's motion for summary judgment on the Debtor's TILA and RESPA claims as they may relate to the Bank is granted.[1]

### CONCLUSION

For the reasons set forth above, the Bank's motion for summary judgment is granted on the issue of whether the Debtor may obtain relief based on the Debtor's TILA and RESPA claims against the Bank; judgment may be entered thereon in favor of the Bank. The Bank's motion for summary judgment is denied as to the Debtor's claim that the Bank lacks standing; the parties may present evidence on that issue at trial. The Court shall hold a final pre-trial conference in the instant adversary proceeding at 11:30 a.m. on November 16, 2010, at the United States Bankruptcy Court, the Opera House, in Rutland, Vermont, and at the Vermont Interactive Television Sites.

The Court has considered all of the arguments of the parties, and to the extent any argument is not specifically addressed herein it is because the Court has found it to be without merit.

This memorandum of decision constitutes the Court's findings of facts and conclusions of law.

_/s/ Colleen A. Brown_

September 29, 2010  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[1] Since the Court has granted the Bank's motion for summary judgment on the Debtor's TILA and RESPA claims on the basis that there is no evidence or allegation by the Debtor that the Bank violated a specific provision of TILA or RESPA, there is no need for the Court to address the Bank's additional arguments regarding those claims.

6